# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JERMAINE ALEXANDER RAMSEY**                                          **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.: 4:18CV195-DAS**

**MANAGEMENT TRAINING & CORPORATION, ET AL.**               **DEFENDANTS**

## ORDER OF DISMISSAL

On February 28, 2019, plaintiff Jermaine Alexander Ramsey, an inmate previously housed at the Marshall County Correctional Facility ("MCCF"), appeared before the undersigned for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act[1] applies to this case because Ramsey was incarcerated when he filed this lawsuit. Ramsey having consented to U.S. Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), the undersigned has the authority to enter this order and the accompanying final judgment.

### I. Plaintiff's Allegations

Ramsey was housed in C custody in long-term segregation in Unit D4 at MCCF on August 21, 2018. On that date, a shakedown occurred, and all offenders were taken to the recreation yard wearing only boxers and t-shirts. Ramsey claims that he left his 2.5 carat diamond Cartier wedding band in his cell, on top of several "allowable" items, such as marriage papers and photos of his

---

[1] 28 U.S.C. § 1915.

deceased wife. When he returned to his cell, Ramsey claims, his wedding band, photographs, and marriage papers had been confiscated. Ramsey maintains that other items, such as his religious materials and commissary items, were also confiscated, and he asserts that he never received a property receipt for the confiscated items.

At his *Spears* hearing, Ramsey stated that the policy of the Mississippi Department of Corrections ("MDOC") allowed him to possess a wedding band and the other items, but that they were nonetheless confiscated and held by Defendants. Ramsey claims that all of the items were confiscated to punish him for filing a prior lawsuit against MCCF, and he claims that not allowing him to possess these particular items violates his right to equal protection. He also alleges that certain Defendants have attempted to extort him, stating that certain Defendants approached him in the recreation yard and informed him that he can have his wedding band back if he will pay them each $400.

## II. Screening Standards

Because Ramsey has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

## III. Discussion

### A. Equal Protection

First, the Court considers whether the confiscation of Ramsey's personal property violates his right to equal protection. It is well settled that the Equal Protection Clause of Fourteenth

Amendment prohibits a state from denying any person the equal protection of the laws. U.S. Const. amend. XIV, § 1. To establish a violation of the Equal Protection Clause, a plaintiff must demonstrate that he was treated differently than similarly-situated persons, and that "the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Ramsey has not provided the Court with any facts that would support his claim, and the Court finds that Ramsey's equal protection claim must, therefore, be dismissed due to its conclusory nature. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that despite liberal construction given to pro se petitions, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). Moreover, "[d]iscriminatory purpose ... implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotation marks omitted). Ramsey has not provided the Court with any facts that transform his claim into an equal protection claim, and therefore, it must be dismissed.

### B. Retaliation

Second, the Court considers whether Ramsey has potentially stated a claim for retaliation. The Fifth Circuit has held that "[t]o prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation and internal quotation marks omitted). Rather, "[t]he inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of

3

events from which retaliation may be plausibly inferred." *Woods v. Smith*, 60 F.3d at 1166 (internal quotation marks omitted).

Ramsey alleges that the deprivation of his personal property is a retaliatory act for his having filed a prior lawsuit against the facility. Generally, prisoners enjoy a constitutional right of access to the courts, *see Johnson v. Avery*, 393 U.S. 483, 48385 (1969), and therefore, Ramsey's claim involves a specific constitutional right. However, at his *Spears* hearing, Ramsey stated that the prior lawsuit giving rise to this allegedly unconstitutional confiscation involved a slip and fall at MCCF, which was filed in this Court as *Ramsey v. Management Training & Corp.*, 4:18CV178-RP (N.D. Miss.). That lawsuit was signed on August 22, 2018, one day after the deprivations at issue in this case.[1] Accordingly, Ramsey has not established that the alleged deprivations occurred because of Defendants' intent to retaliate, and this claim must be dismissed.

C. **Deprivation of Property**

The Court next considers whether the confiscation of Ramsey's property violates his constitutional rights. Because Ramsey alleges that policy allows him to possess the items that were confiscated, his claim is governed by what is commonly referred to as the *Parratt/Hudson* doctrine, which holds that the unauthorized deprivation of a prisoner's property by a State actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Mississippi law provides for post-deprivation remedies for negligent and intentional seizures of property. *See, e.g.,* Miss. Code Ann. § 11-37-101, et seq. (replevin); *see also Bishop v. Reagans*, No. 4:11CV63-LRA, 2012 WL 1804623, at *2 (S.D. Miss.) (citing *Johnson v. King*,

---

[1] The Court can take judicial notice of its own records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425, F.2d 1295, 1296 (5th Cir. 1970) (noting district court has right to take notice of its own files and records).

85 So. 3d 307 (Miss. App. March 27, 2012) (finding confiscation of inmate's drinking mug to violate the Takings Clause of the State Constitution)). Because Ramsey has "the prospect of compensation" under Mississippi's Constitution, he has an adequate post-deprivation remedy under State law. *McClure v. Biesenbach*, 355 F. App'x 800, 805 (5th Cir. 2009) ("Post-deprivation process is adequate if it allows the prospect of compensation for the loss suffered.). Accordingly, Ramsey's § 1983 claim for the taking of his property without due process of law must be dismissed, as it lacks an arguable basis in federal law.

### D. Fourth Amendment

Ramsey seeks to amend his complaint to add a claim of unreasonable search and seizure under the Fourth Amendment for the confiscation of his personal property. *See* Doc. #27. However, the Supreme Court has held that the Fourth Amendment's protections against unreasonable searches and seizures are inapplicable in prison cells. *Hudson*, 468 U.S. at 525-27. Accordingly, it would be futile to allow amendment of the complaint to allege this claim, and Ramsey's motion [27] is denied.

### E. Physical Injury

Ramsey has asked the Court to award him monetary damages in this lawsuit. *See* Doc. #1 at 7. However, under the PLRA, an inmate cannot sustain a claim "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Ramsey seeks monetary compensation for injury he has suffered by the dispossession of sentimental items. Inasmuch as no physical injury has been alleged, however, monetary compensation is not available to Ramsey.

## IV. Conclusion

For the reasons set forth in this Order, Ramsey's allegations fail to assert a cognizable constitutional violation, and this complaint is **DISMISSED WITH PREJUDICE** as frivolous

5

and/or for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), counting as a "strike" under 28 U.S.C. § 1915(g). Ramsey's motion to amend [27] is **DENIED**. A final judgment in accordance with this Order will be entered today.

    **SO ORDERED**, this, 4th day of March, 2019.


                              /s/ David A. Sanders
                              MAGISTRATE JUDGE DAVID A. SANDERS